IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KONRAD TORZEWSKI, an Individual, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COSCO SHIPPING LINES NORTH AMERICA INC., | ) | **Trial by Jury Demanded** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff through his attorney, Michael J. Merrick and Merrick Law Firm LLC, and for his Complaint against Defendant states as follows:

### Nature of the Action

1. This is an employment discrimination and retaliation action. Defendant fired Plaintiff because of his disability, alcohol dependence, and because he exercised his rights under the FMLA to receive medical treatment for his disability.

### Jurisdiction & Venue

2. Subject matter jurisdiction is premised on the federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims under the Americans with Disabilities Act, as amended by the Americans With Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 *et seq*. ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. §§2612-2615 ("FMLA"), arise under federal law. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2002e-5(f)(3) as Defendant has employees and does business in this judicial district, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Plaintiff would have remained employed in this judicial district but for the unlawful employment practices alleged herein.

## Parties

4. Plaintiff Konrad Torzewski is a citizen of the United States and at all relevant times was employed by Defendant in Chicago, Illinois.

5. Defendant Cosco Shipping Lines North America Inc. is a foreign corporation engaged in the international shipping business which transacts business in Chicago, Illinois.

## Common Allegations

6. Mr. Torzewski commenced employment with Defendant in August 2012.

7. At all relevant times Mr. Torzewski met or exceeded Defendant's legitimate performance expectations and was promoted during his employment.

8. In 2017 Mr. Torzewski was a Director, NVOCC Sales, North America, and worked from a home office in Chicago, Illinois.

9. On or about April 28, 2017 during a sales conference in Houston, Texas, Mr. Torzewski's supervisor told him he appeared intoxicated and instructed him to return home to Chicago.

10. Beginning on or about May 1, 2017, Mr. Torzewski was hospitalized in Chicago for eight days while he underwent alcohol detoxification treatment.

11. On or about May 1, 2017, Mr. Torzewski went on a medical leave of absence pursuant to the FMLA. He was also approved for short term disability benefits from on or about May 1 through June 19, 2017.

12. After Mr. Torzewski was discharged from the hospital he began in-patient treatment for alcohol dependence at another facility on or about May 8, 2017.

13. On or about May 26, 2017, Mr. Torzewski successfully completed the alcohol rehabilitation program.

14. On or about June 12, 2017, Mr. Torzewski emailed David Marcano, Defendants' Human Resources Manager, stating that he had completed the alcohol treatment program and was ready to return to work. Mr. Marcano did not reply.

15. On or about June 15, 2017, Mr. Torzewski again emailed Mr. Marcano about returning to work.

16. On or about June 15, 2017, Mr. Marcano sent a reply email to Mr. Torzewski requesting a release to return to work without any restrictions from his physician.

17. On or about June 16, 2017, Mr. Torzewski emailed Mr. Marcano a release to return to work on June 20, 2017 without restrictions from his treating physician, and a certificate of successful completion from the alcohol treatment facility along with a letter from a counselor at the treatment facility.

18. On or about June 20, 2017, Mr. Marcano and Brian Abramowitz, Mr. Torzewski's supervisor who worked in the corporate offices in Secaucus, New Jersey, called Mr. Torzewski. Mr. Marcano told him he could return to work but his position was being relocated to the corporate offices in Secaucus, New Jersey.

19. Mr. Marcano told Mr. Torzewski that the company would not allow him to return to work in Chicago where he had worked prior to his FMLA leave, or provide him with any relocation assistance to move to New Jersey.

20. Mr. Marcano told Mr. Torzewski that if he did not agree to move to New Jersey his employment would end.

21. Mr. Torzewski asked whether the other sales directors positions were also being moved to New Jersey. Mr. Marcano told him they were not, only Mr. Torzewski's position was being relocated to the corporate offices in New Jersey.

22. Mr. Marcano asked Mr. Torzewski to send him a letter of resignation.

23. Mr. Torzewski refused to resign.

24. On or about July 7, 2017, during another phone call Mr. Marcano again told Mr. Torzewski he would have to move to New Jersey if he wanted to keep his job. Mr. Torzewski told him he could not move.

25. Mr. Torzewski asked for a specific reason why they were requiring him to work in the New Jersey corporate office. Mr. Marcano told him, "this is our company and we can do what we want, you don't need a reason."

26. Mr. Torzewski told them that he could not just pick up and move as he had just signed a new apartment lease and his healthcare providers and support group are in Chicago.

27. Mr. Marcano told Mr. Torzewski he would have to find new healthcare providers and a support group in New Jersey if he wanted to keep his job.

28. Mr. Marcano asked Mr. Torzewski to send him a letter of resignation. Mr. Torzewski refused to resign.

29. Mr. Marcano sent Mr. Torzewski a letter dated August 7, 2017 stating in part that while Mr. Torzewski was on FMLA leave "the company developed a vertical efficiency to service your accounts at our corporate offices in New Jersey and that we need you to be present in COSCO's corporate offices on a regular basis, instead of working remotely from the Chicago areas." Mr. Marcano further stated in his letter that if Mr. Torzewski did not report to work in New Jersey by August 14, 2017 the company would accept that as his voluntary resignation date.

30. On August 13, 2017, Mr. Torzewski sent Mr. Marcano an email acknowledging receipt of his August 7 letter and complaining that the company was violating his FMLA rights by insisting that he had to move to New Jersey in order to be reinstated to his position.

31. On or about September 18, 2017, Defendant retroactively terminated Mr. Torzewski's employment effective August 14, 2017. Upon information and belief, Defendant did not investigate Mr. Torzewski's complaint that his FMLA rights were being violated.

## COUNT I

## ADA FAILURE TO ACCOMMODATE

32. At all relevant times, Mr. Torzewski suffered from alcohol dependence which is an actual disability as defined by the ADA.

33. Mr. Torzewski also had a record of medical treatment for alcohol dependence.

34. Defendant also regarded Mr. Torzewski as having a physical or mental impairment.

35. Mr. Torzewski is a qualified individual with a disability as defined by the ADA.

36. Defendant was aware of Mr. Torzewski's disability and record of disability.

37. In violation of the ADA Defendant failed to reasonably accommodate Mr. Torzewski's disability by allowing him to return to work in Chicago after his medical leave of

absence so he could continue to receive medical treatment and support from his healthcare providers and support group.

38. Defendant acted with malice and reckless indifference to Mr. Torzewski's federally-protected rights.

39. As a direct and proximate result of Defendant's unlawful conduct, Mr. Torzewski suffered damages.

## COUNT II

## IHRA FAILURE TO ACCOMMODATE

40. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth in this Count II.

41. Defendant's failure to reasonably accommodate Mr. Torzewski's disability is a violation of the Illinois Human Rights Act (IHRA).

42. As a direct and proximate result of Defendant's unlawful conduct, Mr. Torzewski suffered damages.

## COUNT III

## ADA FAILURE TO REINSTATE

43. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth in this Count III.

44. Defendant violated the ADA by failing to reinstate Mr. Torzewski to his position in Chicago after his medical leave of absence.

45. Defendant acted with malice and reckless indifference to Mr. Torzewski's federally-protected rights.

46. As a direct and proximate result of Defendant's unlawful conduct, Mr. Torzewski suffered damages.

## COUNT IV

## IHRA FAILURE TO REINSTATE

47. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth in this Count IV.

48. Defendant violated the IHRA by failing to reinstate Mr. Torzewski to his position in Chicago after his medical leave of absence.

49. As a direct and proximate result of Defendant's unlawful conduct, Mr. Torzewski suffered damages.

## COUNT V

## ADA DISABILITY DISCRIMINATION/WRONGFUL TERMINATION

50. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth in this Count V.

51. Defendant violated the ADA by terminating Mr. Torzewski's employment because he has an actual disability, has a record of having a disability, and/or Defendant regarded him as having a disability.

52. Defendant acted with malice and reckless indifference to Mr. Torzewski's federally-protected rights.

53. As a direct and proximate result of Defendant's unlawful conduct, Mr. Torzewski suffered damages.

## COUNT VI

## IHRA DISABILITY DISCRIMINATION/WRONGFUL TERMINATION

54. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth in this Count VI.

55. Defendant violated the IHRA by terminating Mr. Torzewski's employment because he has an actual disability, has a record of having a disability, and/or Defendant regarded him as having a disability.

56. As a direct and proximate result of Defendant's unlawful conduct, Mr. Ipson suffered damages.

## COUNT VII

## ADA RETALIATION

57. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth in this Count VII.

58. Defendant retaliated against Mr. Torzewski for exercising his rights under the ADA by terminating his employment because: he took medical leave; he requested reinstatement to his position in Chicago so he could continue to receive medical treatment and support from his healthcare providers and support group; and he complained that his reinstatement rights were being violated.

59. Defendant acted with malice and reckless indifference to Mr. Torzewski's federally-protected rights.

60. As a direct and proximate result of Defendant's unlawful conduct, Mr. Torzewski suffered damages.

## COUNT VIII

## IHRA RETALIATION

61. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth in this Count VIII.

62. Defendant retaliated against Mr. Torzewski for exercising his rights under the IHRA by terminating his employment because: he took medical leave; he requested reinstatement to his position in Chicago so he could continue to receive medical treatment and support from his healthcare providers and support group; and he complained that his reinstatement rights were being violated.

63. As a direct and proximate result of Defendant's unlawful conduct, Mr. Torzewski suffered damages.

## COUNT IX

## FMLA INTERFERENCE

64. Plaintiff incorporates by reference paragraphs 1 through 37 as though fully set forth in this Count IX.

65. Defendant is a covered employer under the FMLA.

66. Mr. Torzewski was an eligible employee under the FMLA.

67. Mr. Torzewski suffered from a serious health condition as defined by the FMLA.

68. In May and June 2017 Mr. Torzewski exercised his rights under the FMLA and took an FMLA leave of absence to receive medical care and alcohol rehabilitation.

69. In or about June and July 2017, Mr. Torzewski advised Defendant of his anticipated need for intermittent FMLA leave in the future.

70. Defendant interfered with Mr. Torzewski's rights under the FMLA by failing to reinstate him to his position in Chicago and by terminating his employment.

71. Defendant's conduct was done in willful violation of the FMLA.

72. As a direct and proximate result of Defendant's unlawful conduct, Mr. Torzewski suffered damages.

## COUNT X

## FMLA DISCRIMINATION/RETALIATION

73. Plaintiff incorporates by reference paragraphs 1 through 37 and 65 through 70 as though fully set forth in this Count X.

74. Defendant discriminated and retaliated against Mr. Torzewski by engaging in the unlawful misconduct described herein because he had exercised his rights under the FMLA, advised Defendant of his intent to exercise his FMLA rights in the future, and complained that his FMLA rights were being violated.

75. Defendant's conduct was done in willful violation of the FMLA.

76. As a direct and proximate result of Defendant's unlawful conduct, Mr. Torzewski suffered damages.

**WHEREFORE**, Plaintiff respectfully prays for judgment in his favor and against Defendants on all counts and for the following make-whole relief:

- A. Preliminary and permanent injunctions enjoining Defendant from discriminating or retaliating against Plaintiff;
- B. Lost past and future wages and benefits in an amount to be proven at trial;
- C. Compensatory damages in an amount to be proven at trial;
- D. Liquidated damages;

      E.      Punitive damages;

      F.      Interest;

      G.      Other equitable relief including back pay, reinstatement and/or front pay;

      H.      Plaintiff's reasonable attorneys' fees and costs incurred herein; and

      I.      For such further relief that the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues herein.

                      KONRAD TORZEWSKI

                      By: /s/Michael J. Merrick
                            Attorney For Plaintiff

Michael J. Merrick
Merrick Law Firm LLC
150 N. Michigan Avenue, Suite 800
Chicago, Illinois 60601
Tel. (312) 269-9299
Fax (312) 269-0800
merrick@merricklawfirm.com
Attorney No. 6229849