UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KONRAD TORZEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 04266 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| COSCO SHIPPING LINES NORTH AMERICA INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In May 2017, Torzewski went on medical leave from work to obtain treatment for alcoholism. When he tried to come back to work after his leave, his employer, COSCO Shipping Lines North America, told him that his position had been relocated to a different state, and that he had to accept the relocation or else resign. Torzewski refused both options and was eventually fired. He then filed this lawsuit, alleging violations of the American With Disabilities Act, the Family and Medical Leave Act, and the Illinois Human Rights Act. R. 27, First Am. Compl.[1] COSCO has moved to dismiss all of the claims. R. 34, Def.'s Mot. Dismiss. For the reasons explained below, COSCO's motion is granted as to the retaliation claims but otherwise is denied.

---

[1]This Court has subject matter jurisdiction over the federal claims in this case under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

1

## I. Background

Torzewski started working for COSCO in August 2012. First Am. Compl. ¶ 6. While working there, Torzewski consistently met or exceeded performance expectations, and, by 2017, he was promoted to serve as a Director of Sales for North America. *Id*. ¶¶ 7-8. In this position, Torzewski worked remotely from a home office in Chicago, Illinois. *Id*. So far, so good.

But then, in April 2017, things took a turn for the worse. Torzewski showed up drunk to a sales conference in Houston, Texas and was sent back to Chicago. First Am. Compl. ¶ 9. A few days later, he was hospitalized for eight days and underwent alcohol detoxification treatment. *Id*. ¶ 10. He later went on a medical leave of absence, pursuant to the Family and Medical Leave Act (FMLA), while receiving treatment. *Id*. ¶ 11. During this time, he was approved for short-term disability benefits. *Id*. After being discharged from the hospital, Torzewski began in-patient treatment for alcohol dependence at a different facility. *Id*. ¶ 12.

When he was done with his in-patient treatment, Torzewski contacted COSCO's Human Resources Manager, David Marcano, letting him know that Torzewski was ready to return to work. First Am. Compl. ¶ 14. Marcano did not reply. *Id*. So three days later, Torzewski followed up with another email. *Id*. ¶ 15. This time, Marcano replied asking Torzewski to send a release to return to work without any restriction from his doctor. *Id*. ¶ 16. Torzewski complied. *Id*. ¶ 17.

Then on June 20, 2017, Mr. Marcano called Torzewski and told him that he could return to work but that his position had been relocated to COSCO's corporate offices in Secaucus, New Jersey, and that the company would not provide him with

any relocation assistance. First Am. Compl. ¶¶ 18-19. And if Torzewski did not agree to the relocation, Marcano told him that his employment would end. *Id*. ¶ 20. Marcano also asked Torzewski to send him a letter of resignation, but Torzewski refused. *Id*. ¶¶ 22-23. During this phone call, Torzewski also learned that no other sales director had been relocated to New Jersey. *Id*. ¶¶ 23-24.

During another phone call on July 7, 2017, Marcano again told Torzewski that Torzewski would have to move to New Jersey if he wanted to keep his job. First Am. Compl. ¶ 24. This time, Torzewski asked for a reason for the relocation, but Marcano's response was that "this is our company and we can do what we want, you don't need a reason." *Id*. ¶ 25. Torzewski explained that he could not just pick up and move to a new state because he had just signed a new apartment lease and because his healthcare providers and support group were in Chicago. *Id*. ¶ 26. In response, Marcano told Torzewski that he would have to find new healthcare providers and a support group in New Jersey if he wanted to keep his job. *Id*. ¶ 27. Again, Marcano asked Torzewski to resign, and again Torzewski refused. *Id*. ¶ 28.

Then, around one month after the July phone call, Marcano sent Torzewski a letter explaining that during Torzewski's time on FMLA leave, COSCO had undergone a business restructuring that required Torzewski to be present in the New Jersey office on a regular basis. First Am. Compl. ¶ 29. The letter further stated that if Torzewski did not report to work in New Jersey by August 14, 2017, then the company would accept the no-show as Torzewski's voluntary resignation. *Id*. Torzewski responded to Marcano's letter, acknowledging receipt and complaining

3

that the relocation was a violation of his FMLA rights. *Id.* ¶ 30. Needless to say, Torzewski did not show up to work on August 14. In mid-September, COSCO retroactively terminated Torzewski's employment, effective August 14. *Id.* ¶ 31.

In this lawsuit, Torzewski alleges that COSCO violated his rights under the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and the Illinois Human Rights Act (IHRA) by failing to accommodate his disability, failing to reinstate him, wrongfully terminating him, and then retaliating against him when he complained. First. Am. Compl.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain

4

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. Iqbal, 556 U.S. at 678-79.

### III. Analysis

### A. ADA

Torzewski brings three claims under the ADA: (1) failure to accommodate; (2) disability discrimination; and (3) retaliation. The Court addresses each in turn.

### 1. Failure to Accommodate

To adequately state a failure-to-accommodate claim, an individual must allege that (1) he is a qualified individual with a disability; (2) the employer was aware of the disability; and (3) the employer failed to reasonably accommodate the disability. *Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013) (citing *EEOC v. Sears Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005)). The parties do not dispute that Torzewski sufficiently alleged that he had a disability, or that COSCO knew about it. Instead, the parties disagree over whether Torzewski was a "qualified individual" and whether his requested accommodation was reasonable.

Aside from a few exceptions not relevant here, the ADA defines the term "qualified individual" to mean "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that

5

such individual holds or desires." 42 U.S.C. § 12111(8); *see also Brumfield*, 735 F.3d at 631. This means that the employee must show that he was qualified for the job and was "capable of performing the job's essential functions with or without reasonable accommodation from an employer." *Brumfield*, 735 F.3d at 632 (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 862 (7th Cir.2005)) (cleaned up)[2]; *see also* 29 C.F.R. § 1630.2(m). Here, Torzewski alleged that he possessed "the education, skill, experience, and all other requirements" necessary for the position as Director of Sales; *id*. ¶ 38; and that he was "able to perform the essential functions of his position, with or without a reasonable accommodation," *id*.

But COSCO argues that alleging that he is a "qualified individual" only gets Torzewski half way to successfully alleging a failure-to-accommodate claim. Not everyone who satisfies the definition of a "qualified individual" is eligible for a reasonable accommodation under the ADA. *See Brumfield*, 735 F.3d at 631. Instead, only individuals who possess "physical or mental limitations" but are "*otherwise qualified*" for the job are eligible for reasonable accommodations. *See* 42 U.S.C. § 12112(b)(5)(A) (emphasis added); *see also Brumfield*, 735 F.3d at 631. In other words, "to satisfy the first element of a failure-to-accommodate claim, the plaintiff must show that [he] met the employer's legitimate selection criteria *and* needed an accommodation to perform the essential functions of the job at issue (*i.e.*, that [he] was "otherwise qualified" under 42 U.S.C. § 12112(b)(5), not merely "qualified" under

---

[2]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

6

§ 12111(8))." *Brumfield*, 735 F.3d at 633 (emphasis added). According to COSCO, Torzewski has not alleged that he needed an accommodation to perform the essential functions of his job. R. 35, Def.'s Br. at 5-6.

The Court disagrees. Torzewski alleged that his alcoholism substantially limited his ability to concentrate, think, communicate, interact with others, and work. First Am. Compl. ¶ 33. The complaint clearly alleges (though Torzewski's response brief did not explicitly mention this) that Torzewski requested to work in Chicago so that he could continue to receive medical care and support from his healthcare providers and support group. *Id.* ¶¶ 26-27, 41. Together, these facts support a plausible inference (at least at the pleading stage) that without continued access to his current healthcare providers and support group, Torzewski would be impeded in properly treating the alcoholism. That would lead to difficulty in concentrating, thinking, communicating, or interacting with others. But with an accommodation, Torzewski would be able to manage the alcoholism and to perform his job duties (at least he alleges this, and that must be accepted as true for now).

On the third element of an accommodation claim—whether the proposed accommodation is reasonable—COSCO argues that Torzewski's request to continue to work in Chicago in order to continue his treatment is unreasonable as matter of law. Def.'s Br. at 3. A reasonable accommodation is defined, in relevant part, as "modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential

functions of that position." 29 C.F.R. § 1630.2(o)(ii). Reasonable accommodations include: "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices ... and other similar accommodations[.]" 42 U.S.C. § 12111(9). As discussed above, it is plausible that allowing Torzewski to work from Chicago, where he had access to his medical providers and support group, would have allowed Torzewski to perform the essential functions of his position. Discovery is needed to test the efficacy of Torzewski working in Chicago versus New Jersey, but at the pleading stage, the allegations must be accepted as true, and any reasonable inferences must be drawn in Torzewski's favor. So COSCO's motion to dismiss the accommodation claim is denied.

## 2. Disability Discrimination

The elements of a disability discrimination claim require the plaintiff to allege that he was (1) disabled within the meaning of the ADA; (2) was qualified to perform his job; and (3) suffered an adverse employment action because of his disability. *See Bunn v. Khoury Enter., Inc.*, 753 F.3d 676, 683 (7th Cir. 2014). As already discussed, Torzewski adequately alleged the first two elements.

The key question for this claim is whether Torzewski adequately alleged that he suffered an adverse employment action *because of* his alcoholism. As a preliminary matter, the Court clears up what seems to be a misunderstanding of the allegations in the complaint. According to COSCO's reading of the complaint, Torzewski's discrimination claim is duplicative of his failure to accommodate claim. Def.'s Br. at 8-9. COSCO thinks that Torzewski's alleged adverse action is premised on not

8

receiving his requested accommodation. But in the complaint, the two claims—failure-to-accommodate and discrimination—are clearly based on factually distinct allegations. The accommodation claim is premised on COSCO's denial of Torzewski's request to work from Chicago. *See* First Am. Compl. ¶ 41 ("In violation of the ADA Defendant failed to provide a reasonable accommodation to Mr. Torzewski, including the reasonable accommodation of allowing him to return to work in Chicago after his medical leave of absence."). In contrast, the discrimination claim is based on the later termination of Torzewski's employment. *See id.* ¶ 60 ("Defendant violated the ADA by terminating Mr. Torzewski's employment."). So the alleged adverse action is the termination, *not* the failure to accommodate. And "termination is unquestionably a materially adverse action." *Pantoja v. Am. NTN Bearing Mfg. Co.*, 495 F.3d 840, 849 (7th Cir. 2007) (cleaned up).

And finally, Torzewski's allegations plausibly suggest that COSCO would not have fired him but for his disability. According to the complaint, COSCO's business restructuring was just a pretext, First Am. Compl. ¶ 41, and the factual allegations taken as a whole support such an inference. Torzewski alleged that COSCO informed Torzewski of his position relocation only *after* Torzewski had already made two attempts to come back to work and sent his doctor's note clearing him to work without restriction. *Id.* ¶¶ 14-18. Torzewski also alleged that despite informing Marcano that he could not move to New Jersey, Marcano nevertheless gave Torzewski the choice of either resigning or relocating. *Id.* ¶¶ 20, 22, 24, 27-29. And accepting as true the fact that Torzewski could not relocate due to his alleged disability, this "choice" was really

9

no choice at all: Torzewski was left with losing his job either way, either through voluntary resignation or termination. Torzewski also alleged that no other sales director position, except for his, had been relocated, *id*. ¶ 21, and that prior to taking medical leave, he had met COSCO's expectations, *id*. at 7. The suspicious timing of the relocation together, with these other facts support the inference that COSCO's proffered reason for relocation was just a pretext for intentional discrimination. *See Nawrot v. CPC Int'l*, 277 F.3d 896, 906 (7th Cir. 2002) ("[A] plaintiff may show pretext by presenting evidence tending to prove that the employer's proffered reasons are factually baseless, were not the actual motivation for the discharge in question, or were insufficient to motivate the discharge.") (cleaned up).

So Torzewski's discrimination claim also survives dismissal.³

### 3. Retaliation

Torzewski also brings a claim for retaliation under the ADA. For this claim, Torzewski must allege that (1) he engaged in a statutorily protected activity, (2) he suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse action. *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 786 (7th Cir. 2007). COSCO argues that Torzewski failed to allege that he

---

³On a related note, Torzewski also brings a failure-to-reinstate claim. First Am. Compl. ¶¶ 52-55. That claim *is*, however, duplicative of Torzewski's failure-to-accommodate claim. According to the complaint, COSCO "violated the ADA by failing to reinstate Mr. Torzewski to his position in Chicago after his medical leave act." First Am. Compl. ¶ 53. That is essentially the same factual allegation that Torzewski's accommodation claim is premised on. *See id*. ¶ 41. So to the extent that Torzewski sought to advance a separate failure-to-reinstate theory, the claim is dismissed because it is already covered by the accommodation claim.

suffered an adverse employment action and that there was a casual link between the protected activity and the adverse action.

On this claim, COSCO misconstrues the factual basis for Torzewski's alleged adverse action. According to COSCO, Torzewski's alleged adverse action was that COSCO denied his requested accommodation. Def.'s Br. at 7. But the complaint clearly sets out that COSCO "retaliated against Mr. Torzewski for exercising his rights under the ADA *by terminating his employment*." First Am. Compl. ¶ 67 (emphasis added). And as discussed, firing someone qualifies as an adverse action, so the question now is whether Torzewski sufficiently alleged a causal link between the protected activity—complaining that his rights were violated—and his firing.

That is where Torzewski's complaint falls short. Torzewski alleged that, in a letter dated August 7, 2017, Marcano threatened Torzewski with termination (or "voluntary resignation" as Marcano put it in his letter) if he did not show up to work in New Jersey by August 14. First Am. Compl. ¶ 29. And it was not until *after* Torzewski received Marcano's letter that he complained that the company was violating his rights. Id. ¶ 30. In other words, COSCO planned on firing Torzewski if he did not relocate, regardless of his complaint. So when Torzewski did not show up in New Jersey by the August deadline, COSCO fired him. *Id.* ¶ 31. Ultimately, the time line of the events that led to Torzewski's firing do not support an inference that Torzewski was fired *because of* his complaint.

## B. FMLA

Torzewski also brings two claims under the FMLA: (1) interference with his exercise of FMLA rights; and (2) retaliation. For the reasons discussed below, both survive COSCO's motion.

### 1. Interference

The FMLA prohibits employers from interfering with, restraining, or denying the exercise of a right under the FMLA. 29 U.S.C. § 2615(a)(1); 29 C.F.R. 825.220(a)(1). To state a claim for FMLA interference, the plaintiff employee must allege the following: (1) the employee was eligible for FMLA protection; (2) the employer was covered by the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee provided sufficient notice of his intent to take FMLA leave; and (5) the employer denied the employee FMLA benefits to which he or she was entitled. *Pagel v. TIN, Inc.*, 695 F.3d 622, 627 (7th Cir. 2012).

Torzewski properly alleges facts supporting the first four elements, because he took leave under the FMLA around May 2017. S*ee Goelzer v. Sheboygan County, Wis.*, 604 F.3d 987, 993 (7th Cir. 2010) (finding first four elements undisputed where plaintiff took leave under the FMLA). A plaintiff properly alleges the fifth element, if he alleges that his employer fired him to prevent him from exercising his right to return to his prior position. *Id.*; *see also Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 827 (7th Cir. 2012) (finding that a termination may constitute a denial of FMLA benefits). Here, Torzewski alleged that after he took leave, his position was relocated

as a pretext, and that he was ultimately fired when he refused to relocate. This is enough to sufficiently allege that COSCO interfered with his right to reinstatement.

COSCO argues, though, that it was not required to reinstate Torzewski to the same location where he worked before leave. Def.'s Br. at 10 (citing 29 C.F.R. § 825.215(e)(1); *see also* R. 41, Def.'s Reply Br. at 8 (same). There is *some* merit to this argument: "the FLMA allows an employer to refuse to restore an employee to the former position when restoration would confer a right, benefit, or position of employment that the employee would not have been entitled to if the employee had never left the workplace." *Goelzer*, 604 F.3d at 993 (cleaned up); *see also* 29 U.S.C. § 2614(a)(3)(B); 29 C.F.R. § 825.216(a). In other words, Torzewski would not be entitled to return to his position in Chicago if he would have been relocated regardless of whether he took leave. *See id.* ("[A]n employee is not entitled to return to her former position if she would have been fired regardless of whether she took the leave."). According to COSCO, Torzewski's relocation had nothing to do with his FMLA leave. Instead, while he was on leave, the company underwent a business restructuring that required Torzewski to work from its corporate offices. As discussed above, however, Torzewski sufficiently alleged that this relocation was a pretext, and did not just coincidentally happen while Torzewski was on leave. So Torzewski adequately alleged that COSCO interfered with his right to be reinstated to his position in Chicago.

But regardless, even if the relocation was *not* a pretext, the FMLA entitles employees to be reinstated to an "equivalent position," 29 U.S.C. § 2614(a)(1), which

13

means a position with "substantially similar duties, conditions, responsibilities, privileges and status as the employee's original position," 29 U.S.C. § 825.215(e)(1). Here, Torzewski not only alleged that he was relocated, but that he was no longer allowed to work remotely and would have to be present in COSCO's corporate offices on a regular basis. First Am. Compl. ¶ 29. That is sufficient to allege that COSCO denied Torzewski an equivalent position.

### 2. Retaliation

The FMLA also prohibits employers from "retaliating against an employee that exercises or attempts to exercise FMLA rights." *Pagel*, 695 F.3d at 631 (citing 29 U.S.C. § 2615(a)(2)). The pleading requirement for a retaliation claim under the FMLA is basically the same as those under the ADA—the plaintiff must allege: "(1) he engaged in a protected activity; (2) his employer took an adverse employment action against him; and (3) there is a causal connection between the protected activity and the adverse employment action." *Pagel*, 695 F.3d at 631. To satisfy the third element, a plaintiff may plead a "convincing mosaic of circumstantial evidence" to allow the inference of a causal connection. *Id*. This circumstantial evidence can include, in part, "suspicious timing, ambiguous statements from which a retaliatory intent can be drawn, evidence of similar employees being treated differently, or evidence that the employer offered a pretextual reason for the termination." *Id*.

Here, Torzewski alleged facts demonstrating that he engaged in statutorily protected activity by requesting and taking leave under the FMLA in May 2017. Torzewski further alleged that he suffered an adverse action when COSCO fired him

14

on September 18, 2017. On the third element, Torzewski alleged that when he requested to be reinstated to his position in Chicago, he was first ignored, then asked to provide a doctor's note, and eventually told his position had been relocated to New Jersey and that if he did not move, he would lose his job. He also alleged that he was initially given no reason for the relocation, and eventually was informed it was due to a business reorganization yet, no other sales director's position was relocated. Torzewski refused to relocate, so he was eventually fired. Based on these facts, Torzewski has alleged a plausible FMLA retaliation claim. So COSCO's motion to dismiss this claim is denied.

### C. Illinois Human Rights Act

The Seventh Circuit has held that discrimination and retaliation claims under the IHRA should be analyzed in the same way as ADA claims. *See Teruggi v. CIT Grp./Capital Fin., Inc.*, 709 F.3d 654, 659–60 (7th Cir. 2013). Because Torzewski has sufficiently alleged an ADA failure-to-accommodate claim and discrimination claim, so too has he sufficiently alleged those claims under the IHRA. Torzewksi's IHRA retaliation claim, like his ADA retaliation claim, however, must be dismissed. COSCO's motion to dismiss the IHRA claims is therefore granted in part and denied in part.

## IV. Conclusion

For the reasons discussed above, COSCO's motion to dismiss is granted in part and denied in part. The ADA and IHRA retaliation claims are dismissed, but the remaining claims survive.

ENTERED:

     s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 27, 2019